UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20321-CIV-WILLIAMS/MCALILEY

ARMANDO DE LA CRUZ,

    Plaintiff,

vs.

SEAN M. GUIM,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION OF DISMISSAL**

This matter is before the Court *sua sponte*. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff, Armando De La Cruz, filed this action *pro se* against Sean M. Guim, who appears to be Plaintiff's landlord. Documents attached to the Complaint reflect that Defendant recently filed a residential tenant eviction action against Plaintiff in the County Court in and for Miami-Dade County, Florida. (ECF No. 1-2 at 3-14). Plaintiff labels the Complaint as a "Petition for Removal," alleging that service of process upon him in the

eviction action was defective and violated his due process rights under the Fourteenth Amendment of the United States Constitution. (ECF No. 1 at 1). No facts are set forth in the Complaint. (ECF No. 1).

Plaintiff relies upon federal question jurisdiction as the basis of this Court's subject matter jurisdiction. (ECF No. 1-1 at 1). However, there are no allegations that support this. Plaintiff's passing reference to the Fourteenth Amendment without any supporting facts is insufficient. The Court has reviewed the eviction complaint, which is an exhibit to the Complaint in this action, and no federal question is evident. (*See* ECF No. 1-2 at 13-14). In another exhibit to the Complaint, Plaintiff alleges that the eviction proceeding violates "15 U.S.C. § 1692A," (*see* ECF No. 1-2 at 2), which the Court assumes is a reference to the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA). However, the Complaint does not contain any allegations that demonstrate that Defendant is a debt collector within the meaning of the Act. *See* 15 U.S.C. § 1692a (6) (defining the term "debt collector").

Title 28 U.S.C. § 1331 sets forth federal question jurisdiction: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." It is not enough for a party to claim federal question jurisdiction. Legal and factual allegations that demonstrate the application of this jurisdiction must be set out in the complaint, and Plaintiff has not done this.[1]

---

[1] Diversity jurisdiction is also absent because Plaintiff and Defendant are both citizens of Florida, (*see* ECF No. 1-1 at 1), and there is no indication that Plaintiff's damages exceed $75,000. *See* 28 U.S.C.§1332 (federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000).

Based on the foregoing, I **RESPECTFULLY RECOMMEND** that the Court dismiss this action without prejudice for lack of subject matter jurisdiction and deny all pending motions as moot.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULY RECOMMENDED in chambers at Miami, Florida, this 1st day of March 2022.

/s/ Chris McAliley
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Kathleen M. Williams
    Armando De La Cruz, *pro se*

3